Filed 8/3/23  P. v. Robinson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LENORA ROBINSON,<br><br>        Defendant and Appellant. | A167017<br><br>(City & County of San Francisco<br> Super. Ct. Nos. SCN19717302<br> & CT2217961) |

Defendant and appellant Lenora Robinson appeals the trial court's denial of plaintiff and respondent the People of the State of California's (People) petition for resentencing under Penal Code[1] section 1172.1.[2]  After filing the petition, the People subsequently moved to withdraw it.  The trial court denied the People's motion to withdraw but denied Robinson's petition. The court held it could not vacate Robinson's conviction and resentence him under section 1172.1 because doing so would mean impermissibly striking a

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] The petition was originally filed under section 1170.03.  "Effective June 30, 2022, '[t]he Legislature . . . renumbered section 1170.03 to section 1172.1, but made no substantive changes.' " (*People v. Braggs* (2022) 85 Cal.App.5th 809, 818 (*Braggs*).)  For clarity and consistency, we will only reference section 1172.1.

1

special circumstance finding. We affirm on the grounds that there is no relief available to Robinson under section 1172.1.

## I. <u>BACKGROUND</u>

Following a jury trial in 2006, Robinson was convicted of first degree murder (§ 187), robbery (§ 212.5, subd. (c)), attempted robbery (§§ 664, 212.5, subd. (c)), conspiracy to commit robbery (§ 182, subd. (a)(1)), and being an ex-felon in possession of a firearm (§ 12021, subd. (a)(1)). The jury found true the special circumstance that the murder was committed during the attempted robbery. (§ 190.2, subd. (a)(17)(A).) The trial court sentenced Robinson to life without the possibility of parole.

In March 2022, the People filed a petition for resentencing pursuant to section 1172.1. Specifically, the People requested "that the Court resentence Robinson to a lesser included conviction and eliminate the special circumstance enhancement." In October 2022, the People filed a motion to withdraw its petition based on information contained in a recent risk assessment. Robinson opposed the motion. The People then filed a supplemental motion and argued that section 1385.1 prohibits the trial court from dismissing or striking a special circumstance finding. The People cited two recent cases from this District, including one from this Division, in support: *People v. Caparaz* (2022) 80 Cal.App.5th 669 (*Caparaz*) and *People v. Garcia* (2022) 83 Cal.App.5th 240 (*Garcia*).

At the hearing on the resentencing petition, the trial court denied the People's motion to withdraw. The court then denied the petition itself on the grounds that *Caparaz* and *Garcia* made clear the court "cannot maneuver the case in such a way as to dismiss the special circumstance under [section] 1385.1." The court therefore concluded it could not grant relief to Robinson as a matter of law. The court further noted that section 1172.1, subdivision

2

(a)(3) requires the concurrence of the district attorney before the court could "vacate a conviction to a lesser or a related offense." The court asked the district attorney to confirm she was not concurring to a lesser offense and she responded, "That's correct."

Robinson timely appealed.

## II. **DISCUSSION**

### A.    Law and Standard of Review

"When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation[,] . . . the court may, . . . at any time upon the recommendation of . . . the district attorney of the county in which the defendant was sentenced, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, . . . provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1).) In response to the recommendation, "[t]he resentencing court may, in the interest of justice . . . [¶] . . . [r]educe a defendant's term of imprisonment by modifying the sentence" (*id.*, subd. (a)(3)(A)) or "[v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense . . . and then resentence the defendant to a reduced term of imprisonment, with the concurrence of both the defendant and the district attorney" (*id.*, subd. (a)(3)(B)). "If a resentencing request . . . is from . . . a district attorney [¶] . . . [¶] There shall be a presumption favoring recall and sentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172,1, subd. (b)(3).)

3

"We apply the abuse of discretion standard of review to a trial court's denial of recall. [Citations.] We review questions of statutory interpretation de novo." (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.)

B. <u>There is No Relief That Can Be Granted</u>

Having been convicted of first degree murder with a special circumstance finding, Robinson faced "only two possible punishments[:] death or life imprisonment without possibility of parole [(LWOP)]." (*People v. Mora* (1995) 39 Cal.App.4th 607, 614.) Thus, his LWOP sentence may only be reduced if his first degree murder conviction is vacated or his special circumstance finding is stricken or dismissed. Robinson concedes that the special circumstance finding may not be stricken or dismissed under section 1172.1 because section 1385.1 prohibits the striking or dismissal of "any special circumstance which is admitted by a plea of guilty or nolo contendere or is found by a jury or court." He nonetheless contends the trial court may vacate his first degree murder conviction and resentence him based on a "lesser offense or lesser related offense" pursuant to section 1172.1, subdivision (a)(3)(B) because the court would not be dismissing a special circumstance. According to Robinson, the special circumstance finding is simply eliminated as a collateral consequence, which is not prohibited by section 1385.1.

We need not, however, reach the merits of Robinson's contention because, even if Robinson were correct, he is not entitled to relief under section 1172.1, subdivision (a)(3)(B). Under that subparagraph, the trial court may *only* vacate his first degree murder conviction if the district attorney concurs. (§ 1172.1, subd. (a)(3)(B).) Here, as the People note , the district attorney did not concur with vacating that conviction and resentencing Robinson to a lesser included or lesser related offense.

4

Robinson does not dispute this.  Nor does he argue that the district attorney was prohibited from refusing to concur.  Therefore, even if we issued a remand, the trial court lacks the power under section 1172.1 to vacate his first degree murder conviction.

And absent that power, the trial court cannot grant any relief to Robinson because the only other form of relief the court could provide under section 1172.1 is unavailable to him.  Under section 1172.1, subdivision (a)(3)(A), the trial court may also "[r]educe a defendant's term of imprisonment by modifying the sentence."  (§ 1172.1, subd. (a)(3)(A).)  But under our reasoning in *Garcia*, *supra*, 83 Cal.App.5th 240, this subdivision does not give the court the power to do so by striking or dismissing the special circumstance finding in contravention of section 1385.1.

In *Garcia*, the defendant was convicted of first degree murder, kidnapping, and robbery.  (83 Cal.App.5th at pp. 243–244.)  The trial court sentenced him to LWOP based on a special circumstance finding and stayed the sentences on the lesser counts.  (*Ibid*.)  On appeal, the defendant argued he was entitled to resentencing based on an amendment to section 654, which gave the court discretion to impose a lesser term of imprisonment where multiple terms were available for the same act.  (*Id*. at p. 256.)  This Division held that pursuant to section 1385.1, the trial court "has no authority or discretion to strike a special circumstance finding in order to reduce a defendant's punishment."  (*Id*. at p. 257.)  Under section 654, the trial court cannot "simply ignore a special circumstance finding and impose a lesser term of punishment at sentencing, effectively 'striking' the special circumstance finding."  (*Ibid*.)  Likewise, under section 1172.1, subdivision (a)(3)(A), the trial court cannot reduce Robinson's "term of imprisonment" by effectively striking his special circumstance finding.  (See *Garcia*, at p. 257.)

5

This is prohibited by section 1385.1, which applies "[n]otwithstanding . . . any other provision of law." Robinson does not argue otherwise. Accordingly, there is no relief available to Robinson under section 1172.1.

Finally, Robinson's invocation of the "presumption favoring recall and resentencing" found in section 1172.1, subdivision (b)(2), does not compel a contrary conclusion. That presumption only applies "to the initial determination of whether to grant a request to recall and resentence"; it does not affect the actual sentence that the trial court may impose at resentencing pursuant to section 1172.1. (*Braggs, supra,* 85 Cal.App.5th at p. 820.) Because the trial court in this case lacked the power under section 1172.1 to reduce Robinson's LWOP sentence either by vacating his first degree murder conviction or by striking or dismissing his special circumstance finding, it did not abuse its discretion in denying the petition.

### III.  <u>DISPOSITION</u>

The order denying the section 1172.1 petition is affirmed.

_____
CHOU, J.

We concur.



_____
JACKSON, P. J.




_____
SIMONS, J.



*People v. Robinson* / A167017